JANUARY TERM, 1875. 651

Conhocton Stone Road Co. v. Buffalo, New York and Erie Railroad Co.

## CONHOCTON STONE ROAD COMPANY v. BUFFALO, NEW YORK AND ERIE RAILROAD COMPANY.

*Surface water — obstruction of no cause of action — Railway embankment.*

No action will lie against a party for so using or changing the surface of his own land as to dam up and obstruct the flow of surface water, or water collected by thaws and freshets, and which had formerly been accustomed to flow over the land upon which the structure has been erected. It is only for interfering with and obstructing a defined water-course, whereby injury is occasioned to another, that the defendant can be held liable.

Accordingly, where a railway bridge embankment was so built that it did not interfere with the stream, *held*, that the railway company would not be liable for damage to adjoining land, occasioned by overflow from above, nor would it be liable if the bridge over the stream was built in a careful and skillful manner with all necessary openings to discharge all the water flowing down the stream in any freshet which might be reasonably expected. *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42, followed.

APPEAL by defendant from an order at the special term, denying a motion for a new trial after a verdict in favor of plaintiff.

The action was brought to recover damages sustained by plaintiff from injuries to its road-bed, caused by a flood in Mead's creek in the county of Steuben, in 1864 and 1865. It was alleged in the complaint that defendant built a bridge over Mead's creek, and made an embankment on each side of the creek, so as in times of floods to obstruct the flow of water, and turn it upon the plaintiff's road. It was averred that " the embankment was wrongly and unskillfully constructed and no passage-way or culvert was left or provided for the water to pass through where it has been wont to flow in times of high water." The case upon appeal from a judgment on a former trial has been to the Court of Appeals. The general term decision upon the former appeal is reported, 52 Barb. 390, and that of the Commission of Appeals, 51 N. Y. 573. Very full statements of facts appear in the reports mentioned. Sufficient facts are given above and in the opinion in respect to the questions here passed upon.

*E. R. Bacon*, for appellant.

*George B. Bradley*, for respondent.

TALCOTT, J.   This case has once been to the Court of Appeals. On that occasion the Commission of Appeals held and decided that the defendant not being the party which originally constructed the bridge embankment (the effect of which, in damming up or setting back the water of Mead's creek upon the road of the plaintiff, is complained of) was not liable for the continuance of the nuisance, without notice to it (the defendant) of the existence of the nuisance. On the trial which is set forth in this case, we think the plaintiff did give evidence of such notice.   It was conceded by the defendant on the trial that Henry C. Fiske was the defendant's superintendent of this railroad, for the space of time between November 1st, 1857, and the 1st of May, 1863, at which time the defendant surrendered the possession of the road to the Erie Railway Company, as the lessee of the defendant; and that said Fisk thereupon became assistant superintendent of the said Erie Railway Company, in charge of the road in question down to a period subsequent to the commencement of the action.   And testimony was given tending to show that Mr. Fiske was notified of the difficulty as early as 1861 and 1862, while he was, as before stated, the superintendent of defendant; and that notice was given by a director of plaintiff's company, which did not appear on the former trial.

The counsel for the defendant objects that no evidence was given to show that the defendant was the owner of the fee of the road. This fact seems to have been assumed on the trial, and it was also proved that the defendant had assumed to lease the road and all its appurtenances to the Erie Railway Company for 490 years, reserving rent and covenanting for quiet enjoyment; and in the lease claiming the road and appurtenances as "its," the defendant's road, etc.   We think this was sufficient, in the absence of any dispute on the trial as to the ownership of the defendant.   The complaint charges the defendant with having originally constructed the bridge and embankment, and thus created the nuisance, whereas, in fact, the nuisance was created by a predecessor in the title, and the defendant is held liable, as the owner, for continuing the nuisance.   These facts all plainly appeared on the first trial, and no objection to the recovery on this ground appears to have been taken by the counsel or the court.   We think the complaint was amendable in this particular, and that the discrepancy between the complaint and the evidence was a mere variance, and not a failure to prove the substantial cause of action.

JANUARY TERM, 1875. 653

Conhocton Stone Road Co. v. Buffalo, New York and Erie Railroad Co.

But an exception was taken by the defendant to the ruling of the court, whereby the evidence of experts as to the care and skill with which the bridge and apparatus were constructed, which, under the decision of the Court of Appeals in the case of *Bellinger* v. *N. Y. Central R. R. Co.*, 23 N. Y. 42, we are constrained to regard as fatal to the verdict. In that case, which, as we understand it, is entirely analogous to the present, the railroad company was sued to recover damages for negligently, wrongfully and improperly "constructing its railroad across the West Canada creek, and across the lowlands forming the valley of the said creek, by means of which the plaintiff's lands in the valley on the east side of said creek were repeatedly overflowed, and the soil, fences and manures washed away," etc. The judge at the trial in that case had instructed the jury that "the company was not bound to guard against every possible contingency, but they were bound to see that the openings were sufficient for any freshet that might reasonably be expected to occur in the stream." This, Judge Denio, delivering the opinion of the court, held to be a statement of the rule with substantial accuracy. In that case, as in this, evidence was given tending to show that the lands in the neighborhood had been, at times of freshet, overflowed, prior to the erection of the structures of the defendant. And the principle laid down in the case is, that where one has the sanction of the State for what he does, unless he commits a fault in the manner of doing it, he is completely justified.

It seems to be well settled that no action will lie against a party for so using or changing the surface of his own land, as to dam up and obstruct the flow of surface water, or water collected by thaws and freshets, and which had formerly been accustomed to flow over the land upon which the structure has been erected. It is only for interfering with and obstructing a defined water-course, whereby injury is occasioned to another, that the defendant can be held liable. See *Parks* v. *City of Newburyport*, 10 Gray, 28; *Dickinson* v. *Worcester*, 7 Allen, 19; *Sweet* v. *Cutts*, 50 N. H. 439; *Goodale* v. *Tuttle*, 29 N. Y. 466; Ang. on Water-courses, § 4. If, therefore, the water which did the damage in question in the years 1864 and 1865, was not caused to be set back by the defendant's interference with Mead creek, but was occasioned by the overflow of that stream from points above the defendant's bridge, or if the defendant's bridge over the stream was built in a careful and skill-

ful manner, with all necessary openings to discharge all the water flowing down the creek in any freshet which might reasonably be expected, then, according to *Bellinger* v. *N. Y. C. R. R. Co.*, above referred to, the defendant was not liable. The gravamen of the complaint in this case is as in the case of *Bellinger* v. *N. Y. C. R. R. Co.* was the alleged unskillfulness with which the structures of the defendant were constructed, and the complaint seems to be based upon the theory, that the defendant is bound by means of culverts or otherwise to afford a passage across its land for the escape of water which collected on the surface of the adjacent land, and which had been accustomed to flow over the surface of the defendant's land, whether this collection of water was occasioned by any interference on the part of the defendant with the defined and recognized stream or not. We think this is a mistake, upon the authorities before cited; and that the real issue between the parties was, whether sufficient openings had been left to discharge all the water which might have been reasonably expected to flow down Mead's creek, during any high water, or freshet, to which that creek was ordinarily subject. And we are unable to distinguish this case upon any clear principle from that of *Bellinger* v. *N. Y. C. R. R. Co.* in which the Court of Appeals ordered a new trial upon the sole ground that the opinion of an expert as to the care and skill with which the structure across West Canada creek had been erected, was excluded.

The order denying a new trial is reversed, and a new trial ordered, costs to abide the event.

*New trial ordered.*